Filed 5/28/25  P. v. Ruiz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083422 |
| v. | (Super.Ct.No. FVA12836) |
| ALFREDO AVILEZ RUIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed and remanded with directions.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Alfredo Avilez Ruiz appeals the summary denial of his petition for resentencing pursuant to Penal Code[1] section 1172.6.  He contends the plea form, parts of the preliminary hearing testimony, and his statements at the Board of Parole Hearing are not considered to be part of the record of conviction at the prima facie stage. The People agree the record of conviction does not include the Board of Parole Hearing statements, and the plea form does not preclude defendant from relief.  Nonetheless, they argue the superior court correctly considered the preliminary hearing testimony, which identified the truck's passenger (defendant) as the one and only shooter.  They initially relied on the Second District, Division Three's decision in *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670.

After the parties filed their briefs, our Supreme Court decided *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), which held that a "petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing."  (*Id.* at p. 557.)  Here, defendant offered only conclusory allegations of entitlement to relief in response to the preliminary hearing transcript that demonstrates his conviction relied upon a still-valid theory.  Thus, we conditionally affirm the order denying his resentencing petition (see *Patton*, at pp. 569-570); however, out of an abundance of caution, we remand the matter to the superior

---

[1]  All undesignated section references are to the Penal Code.

court with directions to consider any "additional facts" should defendant, within 30 days of remand, seek to supplement his petition.

## I. PROCEDURAL BACKGROUND AND FACTS

*A. The Underlying Crimes.*[2]

According to the preliminary hearing testimony, around 11:00 p.m. on February 7, 1992, five men were riding in a car looking for a party. Donald was driving, Silao was in the front passenger seat, and the other three were in the back seat. The men started following a black Nissan pickup truck because they thought the people inside it knew where the party was at. When the truck pulled to the left, they pulled up next to it on its right side, and Donald asked the window-seat passenger (defendant) for the location of the party. Defendant gave Donald a dirty look, reached out with an Uzi-type gun, and fired "a lot" of shots at the car, killing Donald and Silao. The truck drove away immediately after the shooting. The following day, the driver of the truck told his mother that "[defendant] had shot the boys in that other car."

None of the three survivors saw anyone but defendant with a weapon. Although only one of the three survivors could identify defendant as the passenger, all three unequivocally identified the male sitting in the passenger seat next to the window as the shooter.

_____

[2] We summarize these facts from the transcripts of the preliminary hearing.

*B. The Charges and Defendant's Plea.*

Defendant was charged with two counts of first degree murder (§ 187) and three counts of attempted murder (§§ 187, 664). Each of the five counts alleged that he personally used a firearm in the commission of the offenses (former § 12022.5, subd. (a), as amended by Stats. 1990, ch. 41, § 3) and that he discharged a firearm at an occupied motor vehicle, which caused great bodily injury and death (former § 12022.5, subd. (b)(1)). On September 16, 1992, defendant pled guilty to two counts of first degree murder and admitted the personal use enhancement. He was sentenced to state prison for concurrent terms of 25 years to life, plus four consecutive years for the enhancement. On direct appeal, we affirmed, but ordered the abstract of judgment be amended to accurately reflect the enhancement was imposed under former section 12022.5, subdivision (a), and not subdivision (b)(1). (*People v. Ruiz* (Apr. 27, 1994, E011977) [nonpub. opn.].)

*C. The Petition for Resentencing and Hearing.*

In January 2023, defendant filed a form petition for resentencing under section 1172.6. In opposition, the People argued the petition failed to allege a prima facie case based on the preliminary hearing evidence, defendant's statements at the September 21, 2017, Board of Parole hearing, and other documents from his record of conviction. Defense counsel disagreed, arguing "there are no trial transcripts, jury instructions or verdicts of which the court can take judicial notice when ascertaining whether a prima facie showing has been made," and defendant's record of conviction consists solely of his plea, which fails to conclusively determine the theory upon which he was convicted.

4

A hearing on defendant's petition was held on March 1, 2024. After reading the testimony from the preliminary hearing and reviewing the plea form and considering defendant's statements at the Board of Parole Hearing, the superior court summarily denied the petition. It stated, "[T]here's no real fact finding to be made, the record demonstrates that two witnesses identify the defendant as the passenger, in the defendant vehicle, that fired several shots at the victim's vehicle, killing one [*sic*] of the individuals in the victim's vehicle. [¶] So the record clearly demonstrates that the defendant is the actual shooter and, indeed, he admitted personal use of a firearm in the commission of the offense.· So I think the record clearly demonstrates the defendant is the actual shooter.· His liability is not based on the felony-murder rule or aiding and abetting or natural and probable consequences."

## II. DISCUSSION

Defendant contends, and the People agree, the record of conviction does not include statements made at the Board of Parole Hearing, and the plea form does not preclude defendant from relief. However, the parties disagree on whether the preliminary hearing transcript may be relied upon to deny a resentencing petition at the prima facie stage. Defendant faults the superior court for engaging in impermissible factfinding by relying on facts taken from the preliminary hearing transcript. He contends we should reverse the lower court's order and remand the petition for an evidentiary hearing under the provisions of section 1172.6, subdivision (d). We disagree.

5

*A. Applicable Law.*

In 2018, the definition of "murder" in our State was amended to preclude a jury from "imput[ing]" the "[m]alice" element of that crime "based solely on [a defendant's] participation in a crime." (§ 188, subd. (a)(3).) The purpose of this amendment is to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).) Thus, liability for murder is now limited to persons (1) who are the actual killer; (2) who aided and abetted the actual killer in the murder (that is, who acted with the intent to kill); or (3) who were a major participant in the underlying felony that resulted in the killing, but only if they also acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e).)

Section 1172.6 sets forth the procedure by which persons convicted of murder in a now-final judgment may seek to vacate convictions that do not satisfy the currently permissible theories for homicide liability. (§1172.6, subd. (a).) Accordingly, a defendant previously convicted of a qualifying offense files a petition pursuant to section 1172.6. Upon receipt of the petition, the superior court appoints counsel if requested by the petitioner. (§ 1172.6, subd. (b)(1)-(3).) The prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (*Id*., subd. (c).) The court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid*.)

Summary denial of the petition is appropriate only if the defendant petitioning for relief fails (1) to file a facially valid petition, or (2) to make a "prima facie case for relief"

6

under the statute. (§ 1172.6, subds. (b) & (c); see *Patton*, *supra*, 17 Cal.5th at pp. 558-559, 562.) A petition is facially valid when the defendant recites "section 1172.6's requirements." (*Patton*, at p. 562.) To evaluate whether a petition establishes a prima facie case, a court must make a "more demanding" inquiry. (*Id*. at p. 566.) Accepting the factual allegations as true, the court asks """"whether the petitioner would be entitled to relief if [those] allegations were proved.""" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "'However, if the record, including the court's own documents [from the record of conviction], "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner"""" and summarily denying the petition. (*Ibid.*) Where a petition makes only "conclusory allegations" (including those made by "checkbox"), the record of conviction controls and summary denial is appropriate. (*Patton*, at pp. 564-565.) But where a petition "points to specific facts" indicating that the defendant was convicted on a now-invalid theory, there is a "material fact dispute" necessitating an evidentiary hearing and precluding summary denial. (*Id*. at p. 567.) Accordingly, where the record of conviction establishes that defendant was the actual killer, to avoid summary denial, he or she must allege "specific facts that identify someone else as the direct perpetrator" (rather than merely allude to a "hypothetical alternate direct perpetrator"). (*Ibid.*)

We independently review a summary denial of a section 1172.6 petition for resentencing. (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

7

*B. Analysis.*

Here, the evidence presented at the preliminary hearing indicates defendant is the actual killer. The boilerplate statements he made in his petition are insufficient bases to go forward to an evidentiary hearing. (*Patton*, *supra*, 17 Cal.5th at p. 565.) "In *Patton*, the petitioner pled no contest to attempted murder and admitted he personally and intentionally discharged a firearm in the crime's commission. [Citations.] The petitioner sought resentencing under section 1172.6 by submitting a checkbox-form petition. The People in response argued testimony from the petitioner's preliminary hearing showed he was the direct perpetrator of the attempted murder. [Citation.] The petitioner offered no reply. [Citation.] The trial court relied on the unrebutted preliminary hearing transcript to deny relief at the prima facie review stage, and the Court of Appeal affirmed. [Citation.]

"*Patton* concluded a trial court conducting a prima facie review could rely on 'unchallenged, relief-foreclosing facts' from a preliminary hearing transcript to refute the petition's 'conclusory, checkbox allegations.' [Citation.] '[A] section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not . . . made a prima facie showing.' [Citation.]

"As a result, when the record of conviction shows relief under section 1172.6 is unavailable at the prima facie stage—whether it be a preliminary hearing as in *Patton* or sworn statements in a guilty plea form or a plea hearing as in the instant case—petitioners

8

'have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail.' [Citation.] Because the petitioner offered only conclusory allegations in response to such a record, *Patton* concluded he failed to satisfy his burden to make a prima facie case for relief. [Citation.]" (*People v. Glass* (2025) 110 Cal.App.5th 922, 930.) Nonetheless, "out of an abundance of caution," *Patton* remanded to allow the petitioner, within 30 days of remand, to plead "additional facts" in support of his "amended petition." (*Patton*, *supra*, 17 Cal.5th at pp. 569-570, citing § 1172.6, subd. (c) [petitioner has 30 days to reply to the People's response to a facially valid petition].)

Here, defendant made no factual assertions whatsoever in the lower court to support his conclusory allegations that he could not be convicted of the offenses he was charged with committing. Conversely, on appeal, he highlights sections of the surviving witnesses' testimonies that he contends do "not *conclusively* rule out that the hand that held the gun could not have . . . belonged to one of the other two occupants in the truck."[3]

---

[3] In his reply brief, defendant points out there was a codefendant, Johnny Ray Flores, who was the driver of the truck, which provides the "possibility that there was someone else who may have been the actual killer." Defendant notes one surviving witness, who identified defendant as the window-seat passenger, testified that defendant had one hand outside the door holding it closed, and when the gun was pointed out the window, he (the witness) ducked down. The witness stated defendant "stuck his whole [right] hand" out of the window, and there was a female seated between the driver and the passenger. A second surviving witness could not make an in-court identification of the shooter, but testified it was the passenger in the truck. "I looked at the passenger of the truck. And I saw the gun." The shooter was holding the gun "in his right hand." This witness only recalled two people being in the truck. The third surviving witness testified that "[r]ight when [Donald] asked [the passenger,] he just pulled out the - - the gun." This witness also believed there were three people inside the truck.

He argues the "state of the record compels a grant of an evidentiary hearing to permit factfinding accompanied with the opportunity for the prosecutor and the petitioner to offer new or additional evidence to meet their respective burdens." We disagree. However, since defendant did not have the benefit of *Patton's* guidance during the prima facie stage before the superior court, we will remand to allow him, within 30 days of remand, to plead "additional facts" in support of his petition. (*Patton*, *supra*, 17 Cal.5th at pp. 569-570; *People v. Glass*, *supra*, 110 Cal.App.5th at p. 925.)

## III.  DISPOSITION

We remand this matter to the superior court with directions to consider any "additional facts" should defendant, within 30 days of that remand, seek to supplement his petition. (*Patton*, *supra*, 17 Cal.5th at p. 570.) We otherwise conditionally affirm the order denying his resentencing petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
Acting P. J.

We concur:

MILLER_____
J.

FIELDS_____
J.

10